UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20CR98 HEA |
| ) | |
| ASIM MUHAMMAD ALI, M.D. and ) | |
| STANLEY L. LIBRACH, M.D., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants Asim Muhammad Ali, M.D. and Stanley L. Librach, M.D.'s Motions to Dismiss Indictment, [Doc. No.'s 195 and 250, respectively]. Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge John M. Bodenhausen. Judge Bodenhausen held a hearing on Ali's motion, after which Ali and the government filed post-hearing memoranda. Librach declined oral argument on his motion and filed a reply to the government's response in opposition to his motion. Judge Bodenhausen thereafter filed his Memorandum and Recommendations, which recommended that the Motions to Dismiss be denied. Both defendants have filed objections to Judge Bodenhausen's recommendations, to which the government has responded.

The Court has conducted *de novo* review of the motions and all matters relevant to them. The Court has listened to the recording of Ali's hearing, has fully considered the briefs filed on the original motions as well as the objections, and has independently researched the controlling law. After fully considering all of these matters, the Court will adopt and sustain the thorough reasoning of Judge Bodenhausen as set out in his Memorandum and Recommendation.

## Discussion

Ali and Librach each object to Judge Bodenhausen's Memorandum and Recommendation as a whole. Specific objections are made to Judge Bodenhausen's findings as to Counts 11-20, which charge Obtaining Controlled Substance by Fraud, Deception, or Subterfuge, in violation of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2, and Counts 33-40, which charge Health Care Fraud Scheme in violation of 18 U.S.C. § 1347 and 18 U.S.C. § 2. The specific objections raised by each defendant, as discussed below, are not well taken and will be denied.

### Sufficiency and Specificity of the Indictment

For Counts 11-20 and 33-40, both Ali and Librach object to Judge Bodenhausen's finding that the Indictment alleges sufficient facts to adequately inform them of the charges against which they must defend. Ali and Librach each argue that Counts 11-20 and 33-40 must be pleaded with greater specificity

because they relate to allegations of conspiracy and fraud. They also argue that the government's use of incorporation by reference of facts alleged in Count I to plead Counts 11-20 and 33- 40 is insufficient because those facts do not inform Ali and Librach of the alleged conduct on which the charges of obtaining controlled substances by fraud, deception, or subterfuge are based (Counts 11-20), or provide a substantial indication of the nature of the alleged scheme to defraud Medicare and Missouri Medicaid (Counts 33-40).

In his Memorandum and Recommendation, Judge Bodenhausen set out the applicable Eighth Circuit and United States Supreme Court law regarding the sufficiency of an indictment, including the rule that the sufficiency of evidence against a defendant is generally not to be challenged on pretrial motion. Judge Bodenhausen pointed out that the Counts at issue here generally track the language of their respective charging statutes. He also meticulously listed the specific facts alleged in the indictment which inform Ali and Librach of the charges against which they must defend. For Counts 11-20, these facts include specific details about each allegedly illegal prescription issued and filled. For Counts 33-40, these facts include specific details about each allegedly fraudulent reimbursement claim submitted to either Medicaid or Medicare. Judge Bodenhausen also identified the specific conspiratorial allegations from Count I linking Ali and Librach to the Counts in question.

As Judge Bodenhausen detailed in his Memorandum and Recommendation, the Indictment plainly alleges the conduct of Ali and Librach on which the charges against them are based. The factual allegations in the Indictment are adequate to inform Ali's and Librach's of the charges against which they must defend. Ali's and Librach's objections to Memorandum and Recommendation's finding that the Indictment is sufficient are overruled.

### *Pinkerton* and Aiding and Abetting Liability

Both Ali and Librach also object to Judge Bodenhausen's finding that they may be criminally charged in Counts of the Indictment for which no personal participation by them is alleged under a *Pinkerton* theory of liability (Ali and Librach) or an aiding and abetting theory of liability (Ali only). Both Ali and Librach concede that "the Government need not assert facts in the Indictment to support aiding and abetting or *Pinkerton*," but posit that the government did not present these alternative theories of liability to the Grand Jury. They further claim that the government only raised *Pinkerton* and aiding and abetting liability in response to the motions to dismiss in an attempt "to save its Indictment." Both defendants also argue that *Pinkerton* liability "is a judicially created rule that impermissibly creates criminal liability and functions as a common law crime."

In his Memorandum and Recommendation, Judge Bodenhausen reviewed United States Supreme Court and Eighth Circuit precedent regarding liability

under *Pinkerton* and liability as an aider and abettor. Judge Bodenhausen noted that the precedent by which this Court is bound endorses *Pinkerton* liability, *U.S. v. Golding*, 972 F.3d 1002, 1006 (8th Cir. 2020), does not require that an indictment allege personal participation to trigger *Pinkerton* liability, *id.*, and does not require that an indictment allege the facts supporting liability for aiding and abetting when the substantive offense is alleged, *United States v. Garrison*, 527 F.2d 998, 999 (8th Cir. 1976).

Meanwhile, the defendants offer no authority supporting their contention that the grand jury was required to (and did not) hear the government's alternative theories of liability. Similarly, although Ali and Librach each maintain in their objections that coconspirator liability under *Pinkerton* is unconstitutional, neither defendant addresses Judge Bodenhausen's sound conclusion that the District Court is not free to ignore controlling precedent endorsing *Pinkerton* liability. Ali's and Librach's objections to Memorandum and Recommendation's findings regarding the government's alternative theories of liability are overruled.

Librach's Separate Objections

With respect to Counts 2-10 and 27-32 of the Indictment, Librach states that "[t]he Government fails to plead its case" but advances no specific objection or argument to Judge Bodenhausen's findings as to those Counts. Judge Bodenhausen thoroughly analyzed the parties' arguments regarding Counts 2-10 and 27-32, and

made his recommendations based on sound legal authority and detailed analysis. Upon review, the Court adopts Judge Bodenhausen's recommendation to deny Librach's motion to dismiss as to those Counts.

Additionally, Librach includes the following statement in his Objections to the Memorandum and Recommendation:

> The Recommendation implies that Dr. Librach has conceded that in Counts 11-20, because they list him as the doctor on each prescription' he therefore "knew each prescription was fraudulent." (R. at 4). "Librach concedes that the Indictment alleges that he was the [sic] listed as the prescribing doctor and that he knew the prescriptions were fraudulent. (See ECF No. 251 at 7)." To be perfectly clear, at no time did Dr. Librach "concede" that he "knew the prescriptions were fraudulent" in the cited portion of his pleadings or anywhere else.

The Court notes that Judge Bodenhausen in no way stated that Librach admitted knowledge that any prescriptions were fraudulent. Rather, in his Memorandum and Recommendation, Judge Bodenhausen stated that Librach conceded that the Indictment *contains* certain information and allegations. He did not imply that Librach had conceded an element of any crime for which he is charged. Librach's objection on this ground is overruled.

## Conclusion

Judge Bodenhausen's Report and Recommendation thoroughly and accurately analyzes the law applicable to the facts which have been established in the record. Defendants' objections are therefore overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Bodenhausen's Report and Recommendation is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant Asim Muhammad Ali's motion to dismiss, [Doc. No. 195], and Defendant Stanley L. Librach's motion to dismiss, [Doc. No. 250] are denied.

Dated this 29th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE